**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
EDUARDO HERNANDEZ,

                        *Plaintiff*,

     -against-                                 **COMPLAINT**

UZZAL EXPRESS PIZZERIA INC. d/b/a 99                **ECF Case**
CENT EXPRESS PIZZA, and MOHAMMED
UZZAL, *Individually*

                        *Defendants*
--------------------------------------------------------X

      Plaintiff, Eduardo Hernandez, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complaints of the Defendants as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action to recover minimum and overtime wages and liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

      2.     Plaintiff was an employee of Defendants.

      3.     Defendants own, operate, and/or control two pizzerias located at 301 W 43rd Street, New York, New York 10036 (hereafter, the "New York location") and at 82-18 Roosevelt Avenue, Jackson Heights, New York 11372 (hereafter, the "Roosevelt location") under the name "99 Cent Express Pizza".

      4.     Plaintiff was employed as a pizza server.

      5.     Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

      6.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff appropriately for hours worked over 40.

7. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she worked over 10 hours.

8. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.

9. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as the acts complained of occurred within the Southern District of New York.

**PARTIES**

*Plaintiff*

15. Plaintiff Eduardo Hernandez is an adult individual residing in Queens County, New York.

16. He was employed by Defendants from on or about July 2012 until on or about August 2012 and then from approximately May 2013 until on or about August 7, 2020.

17. From approximately July 2012 until on or about March 2020, Plaintiff worked at the pizzeria located at 301 W 43rd Street, New York, New York 10036 and from approximately April 2020 until on or about August 7, 2020, Plaintiff worked at the pizzeria located at 82-18 Roosevelt Avenue, Jackson Heights, New York 11372.

*Defendants*

18. At all times relevant to this complaint, the Defendants owned, operated and/or controlled two pizzerias located at 301 W 43rd Street, New York, New York 10036 and at 82-18 Roosevelt Avenue, Jackson Heights, New York 11372 under the name "99 Cent Express Pizza".

19. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

20. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

21. Upon information and belief, UZZAL EXPRESS PIZZERIA INC., is a Corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 301 W 43rd Street, New York, New York 10036.

*Defendant MOHAMMED UZZAL*

22. MOHAMMED UZZAL is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

23. MOHAMMED UZZAL is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

24. Upon information and belief, MOHAMMED UZZAL possesses or possessed operational control over Defendant Corporation possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

25. Defendant MOHAMMED UZZAL determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26. Defendants operate two pizzerias located in Manhattan and in Queens.

27. Each Defendant possesses substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

28. Defendants jointly employed Plaintiff, and are his employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

34. Upon information and belief, in each year from 2012 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

35. In addition, the Defendants and their enterprise used items in interstate commerce. For example, numerous items that were used and sold daily at the pizzerias, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiff*

36. Plaintiff EDUARDO HERNANDEZ is a former employee of Defendants and was employed as a pizza server.

*Plaintiff EDUARDO HERNANDEZ*

39. Plaintiff Eduardo Hernandez was employed by Defendants from on or about July 2012 until on or about August 2012 and then from May 2013 until August 7, 2020.

40. Plaintiff was employed by Defendants as a pizza server.

41. Plaintiff regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

42. Plaintiff's work duties required neither discretion nor independent judgment.

43. From approximately July 2012 until on or about August 2012, Plaintiff worked at the "New York location" from approximately 12:00 p.m. until on or about 10:00 p.m. to 10:30 p.m., four days a week, and from approximately 12:00 p.m. until on or about 12:00 a.m. to 12:30 a.m., two days a week (typically 64 to 67 hours per week).

44. From approximately May 2013 until on or about April 2020, Plaintiff worked at the "New York location" from approximately 12:00 p.m. until on or about 10:00 p.m. to 10:30 p.m.,

four days a week, and from approximately 12:00 p.m. until on or about 12:00 a.m. to 12:30 a.m., two days a week (typically 64 to 67 hours per week).

45. From approximately April 2020 until on or about August 7, 2020, Plaintiff worked at the "Roosevelt location" for approximately 9 hours per day 5 days a week (typically 45 hours per week).

46. In approximately July 2020, Plaintiff worked approximately 9 hours per day 6 days a week, 2 weeks (typically 54 hours per week).

47. For approximately sixteen days straight (or two weeks and 2 days), Plaintiff worked daily shifts of 8 hours, seven days a week (typically 56 hours per week).

48. Throughout his employment with Defendants, Plaintiff was paid his wages in cash.

49. From approximately July 2012 until on or about August 2012 and then from May 2013 until on or about December 2013, Plaintiff was paid $7.75 per hour for all his hours worked.

50. From approximately January 2014 until on or about December 2014, Plaintiff was paid $8.50 per hour for all his hours worked.

51. From approximately January 2015 until on or about December 2015, Plaintiff was paid $9.00 per hour for all his hours worked.

52. From approximately January 2016 until on or about December 2016, Plaintiff was paid $9.50 per hour for all his hours worked.

53. From approximately January 2017 until on or about December 2017, Plaintiff was paid $10.00 per hour for all his hours worked.

54. From approximately January 2018 until on or about December 2018, Plaintiff was paid $10.50 per hour for all his hours worked.

55. From approximately January 2019 until on or about June 2019, Plaintiff was paid $11.50 per hour for all his hours worked.

56. From approximately July 2019 until on or about August 7, 2020, Plaintiff was paid $12.50 per hour for all his hours worked.

57. Plaintiff was not required to keep track of his time, nor to his knowledge Defendants used any time tracking system, instead Defendants wrote down some of Plaintiff's hours in a notebook, but the Plaintiff was not able to review them.

58. Plaintiff was not paid at an overtime rate for any of the hours worked over forty as required by federal and state law.

59. Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL 195(3).

60. Defendants have not given any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

62. Defendants' pay practices resulted in Plaintiff not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

63. Plaintiff was a victim of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

64. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

65. At no time did Defendants inform Plaintiff, that they reduced his hourly wage by a tip allowance or any other reason.

66. Defendants failed to post required wage and hour posters in the workplace

67. Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68. Defendants failed to provide Plaintiff with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

69. Defendants failed to provide Plaintiff, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### **MINIMUM WAGE**

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff was damaged in an amount to be determined at trial.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## **OVERTIME**

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

76. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff was damaged in an amount to be determined at trial.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LAW § 652(1)
## **MINIMUM WAGE**

78. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

80. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 663.

81. Plaintiff was damaged in an amount to be determined at trial.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## **OVERTIME**

82. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, , in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

84. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

85. Plaintiff was damaged in an amount to be determined at trial.

## AS A FIFTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK COMMISSIONER OF LABOR
## SPREAD OF HOURS WAGE ORDER

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

88. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

89. Plaintiff was damaged in an amount to be determined at trial.

## AS A SIXTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## NOTICE AND RECORDKEEPING REQUIREMENTS

90. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to provide Plaintiff with a written notice, in English and in Portuguese (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

92. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys fees.

## AS A SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## WAGE STATEMENT PROVISIONS

93. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

94. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

95. Defendants are liable to each Plaintiff in the amount of $5,0000, together with costs and attorneys fees.

96. Defendant's actions were willful.

97. Defendants are liable to Plaintiff for back pay, front pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined in trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants:

A. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

B. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

C. Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

D. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

E. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

F. Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

G. Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

H. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

I. Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

J. Declaring that the Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

K. Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

L. Declaring that Defendants violated section 191 of the New York Labor Law;

M. Declaring that Defendants violated section 193 of the New York Labor Law;

N. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL,

O. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

P. Awarding Plaintiff back pay, front pay, compensatory damages, liquidated damages, and punitive damages for their retaliation against Plaintiff;

Q. Awarding Plaintiff prejudgment interest and the expenses incurred in this action, including costs and attorney's fees as provided by the FLSA and NYLL;

R.    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

S.    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 8, 2021

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By: *Shawn Clark*

Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
E-Mail: sclark@tpglaws.com