USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2021

UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x   **Docket No.: 1:21-cv-00177-PAE-JLC**

**EDUARDO HERNANDEZ,**

**Plaintiff,**

-against-

**UZZAL EXPRESS PIZZERIA INC. d/b/a 99
CENT EXPRESS PIZZA, and MOHAMMED
UZZAL,**

**Defendants.**
---------------------------------------------------------x

WHEREAS, the parties to this action have sought certain documents and/or information from each other in discovery in this action, documents and information which the parties deem to be confidential; and

WHEREAS, each party objects to the production of such information and documents to the opposing party unless appropriate protection for the confidentiality of the information contained therein is assured;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1.      As used herein, "Action" shall mean the lawsuit captioned above.

2.      As used herein, "Confidential Materials" shall mean (a) Defendant Uzzal Express Pizzeria, Inc.'s Employee Identification Number (EIN) and the Plaintiff's Social Security Number and Date of Birth; (b) Defendants' federal, state, and local income tax returns, W-3s, W-2s, and other filings by Defendants with federal, state, and local tax authorities; (c) the names, addresses, phone numbers, e-mail addresses, and other contact information for employees of Defendants, individuals and entities performing services for Defendants, and non-parties; (d) W-2s, 1099s, paychecks, paystubs, earnings statements, and wage statements issued by Defendants to any of

their current or former employees, and/or to any individuals/entities who/that have performed services for them at any time, other than Plaintiff; (e) any other documents and information relating to Defendants' payment/compensation of their current or former employees, and/or any individuals/entities who/that have performed services for them at any time, other than Plaintiff; and (f) the employee records and personnel files for current and former employees of Defendants. The Social Security Numbers and Dates of Birth of the following individuals shall not be disclosed at all by the party holding said information to the opposing party and shall be redacted from any and all documents before those documents are produced:   Defendant Mohammed Uzzal; Defendants' current or former employees; individuals who have performed services for Defendants at any time; and non-parties.

3.     Neither the party receiving the Confidential Materials (the "Receiving Party") nor the Receiving Party's attorneys, shall use the Confidential Materials for any purpose other than for the preparation or presentation of the party's case in this action.

4.     Neither the Receiving Party, nor the Receiving Party's attorneys, shall disclose the Confidential Materials to any person except under the following conditions:

   a.   Disclosure may be made only if necessary to the preparation or presentation of the party's case in this action.

   b.   Disclosure before trial may be made to the party, an expert or consultant who has been retained or specially employed by the party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court.

   c.   Before any disclosure is made to a person listed in subparagraph (b) above (other than the Court or a party to this action), Receiving Party shall provide

each such person with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by Receiving Party's attorneys and a copy shall be furnished to the attorneys of the party who/that produced the Confidential Materials (hereinafter "Producing Party") at the conclusion of this action.

5.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and each page of the transcript of such testimony, together with any exhibits referred to therein, shall be prominently marked as "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.    ~~If any party seeks to file in this Court a document which incorporates any Confidential Materials or reveals the contents thereof in hard copy, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:~~

~~CONFIDENTIAL~~

~~This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court, Southern District of New York, in the above-captioned action.  This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order.  This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.~~

Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.  *See* Individual Practices Rule II. G.

- 3 -

7.      This Protective Order shall survive the termination of the litigation and shall continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have/has been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

8.      The Parties agree to the following regarding production of Protected Material:

   a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.

   b. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

- 4 -

c.  Upon receiving a Clawback Demand, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it.  The Receiving Party shall provide written assurance of these actions within five (5) days of receiving a Clawback Demand.  If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

d.  If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

e.  If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed).  The motion shall not assert as a ground for production the fact that such documents or information

was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

f.   The Receiving Party shall not, after receiving a Clawback Demand, disclose Protected Material to any person or entity that has not already had access to the material.  Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

g.   The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

9.     This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties.  Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

10.     Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

11.     A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

12.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

13.     Within 15 business days of the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any confidential documents, or documents containing confidential information, shall be returned to the attorneys for the Producing Party and all work product documents containing confidential information shall be destroyed.     The Receiving Party's Counsel shall then confirm in writing to the Producing Party's Counsel that the confidential information has been returned or destroyed as required by the foregoing sentence.

14.     Nothing in this Stipulation and Protective Order shall limit the Producing Party's own use of its Confidential Materials.

Dated:          April 26, 2021

SHAWN R. CLARK, ESQ.
Senior Associate
Phillips & Associates
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, NY 10006
Tel.: 212-248-7431, ext. 214
E-mail: sclark@tpglaws.com

*Shawn Clark*
—————————————————
Shawn R. Clark, Esq.

KATHY A. POLIAS, ESQ.
Polias Law Office, P.C.
*Attorneys for Defendants*
68 Jay Street, Suite 201
Brooklyn, NY 11201
Tel: 718-514-2062
E-mail: kathypoliasesq@gmail.com

*Kathy Polias*
—————————————————
Kathy A. Polias, Esq.

—————————————————

**SO ORDERED:**

April 27, 2021
_____
Date

JAMES L. COTT
United States Magistrate Judge

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court, Southern District of New York, on April ___, 2021, in the action entitled Eduardo Hernandez v. Uzzal Express Pizzeria Inc. d/b/a 99 Cent Express Pizzeria, and Mohammed Uzzal, Docket No.: 1:21-cv-00177-PAE-JLC, understands its terms and agrees to be bound by it.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this action, and will not further disclose the Confidential Materials except in testimony taken in this action.  The undersigned voluntarily submits to the personal jurisdiction of the United States District Court, Southern District of New York, for purposes of the enforcement of the above-cited protective order and the imposition of any sanctions for contempt of that order.

DATED: _____, 20__

_____

SIGNATURE

_____

Print Name

_____

Occupation

STATE OF _____   :

                                      :   ss:

COUNTY OF _____   :

On_____, 20___, before me personally came _____, to me known, and known, and duly acknowledged to me that he/she executed this document.

_____

Notary Public