UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDUARDO HERNANDEZ,

Plaintiff,

-v-

UZZAL PIZZERIA, INC. and
MOHAMMED UZZAL,

Defendants.

---

21 Civ. 177 (PAE) (JLC)

ORDER

PAUL A. ENGELMAYER, District Judge:

On February 25, 2022, the parties submitted a proposed settlement agreement in this

action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Dkt.

44 Ex. A.  Plaintiff also submitted supporting exhibits, Dkt. 44 Exs. B–C, and a letter in support,

Dkt. 44 ("Pl. Ltr.").  On March 23, 2022, correcting a filing error, the parties refiled the

settlement agreement.  Dkt. 45-1 ("Agreement").

Parties cannot privately settle FLSA claims with prejudice absent the approval of the

district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d

199, 200 (2d Cir. 2015).  Rather, the parties must satisfy the Court that their agreement is "fair

and reasonable."  *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1

(S.D.N.Y. Oct. 7, 2015).  Further, "[t]he Court must . . . separately assess the reasonableness of

plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than

judicially determined."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y.

2013).

The Court has carefully reviewed the Agreement and supporting submissions.  It

concludes that the Agreement's allocation of attorneys' fees, its carve-out for truthful statements

in its non-disparagement provision, and the absence of a confidentiality provision are fair and reasonable. However, in light of one deficiency—an overbroad general release provision—the Court declines to approve the settlement at this time. This ruling is without prejudice to the right of the parties to submit a revised proposed settlement.

## I.    Attorneys' Fees and Confidentiality and Non-Disparagement Provisions

Under the Agreement, defendants are to pay $10,000 within 21 days of the Court's approval of the settlement agreement. Agreement ¶ 3(a). Plaintiff Hernandez is to receive a total of $6,260.65, and plaintiff's counsel is to receive $3,739.35. *Id.* ¶ 3(a)(i), (ii), (iii). Plaintiff's counsel's share consists of $609.03 in costs for the Court filing fee, service of process fee, and postage, and $3,130.32 in attorneys' fees. *See* Pl. Ltr. at 3. The Agreement therefore allocates one-third of the net settlement amount—defendants' total payment less reasonable costs—to plaintiff's counsel as attorneys' fees, which is common and, on the facts at hand, reasonable. *See Trinidad v. Pret a Manger (UDS) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *11 (S.D.N.Y. Sept. 19, 2014) ("[A]warding fees of 33% is common in this district." (citing *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases))); *Deran v. Antalia Turkish Cuisine LLC*, No. 19 Civ. 6833 (BCM), 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving settlement agreement awarding attorneys one-third of total settlement amount after subtracting costs).

The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA. *See Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 177–81 (S.D.N.Y. 2015). And, although the Agreement contains a non-disparagement provision, it includes the requisite "carve-out" for truthful statements about plaintiff's experience litigating this case. Agreement ¶ 6. *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA),

2

2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (noting that "not all non-disparagement clauses are per se objectionable," but that "if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case" (internal quotation marks and citation omitted)).

## II.     General Release Provision

However, the Agreement's present release provision is a closer call—and the Court rejects it as overbroad.  The Agreement provides that Hernandez, and "his present or former spouse(s), dependents, executors, administrators, heirs, dependents, successors and assigns . . . hereby release and forever discharge" defendants and their "current and former owners, managers, board members, supervisors, employees, directors, administrators, officers, shareholders, agents, successors and assigns, from any and all known and unknown claims arising under the [FLSA] or [NYLL] from the beginning of time until the date of this Agreement, including but not limited to, all claims of unpaid compensation, unpaid minimum wages, unpaid overtime wages, unpaid commissions, unpaid bonuses, unpaid tips, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, improper deductions, liquidated damages, and statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions)."  Agreement ¶¶ 1(a), 2.

"Judicial distaste for overbroad releases has been especially pronounced where 'the releases were not mutual and protected only the defendants.'" *Lopez*, 176 F. Supp. 3d at 344 (quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)).  The release here is not as overbroad as some, in that it is limited to claims under the FLSA and NYLL.  However, the release extends way beyond the

overdue and minimum wage claims that are at issue in this litigation. Because the general release here pertains to "any and all known and unknown claims arising under the [FLSA] or [NYLL]," including claims well outside the scope of this action, and because it shields defendants and their successor entities but not Hernandez from any future action, the Court finds it unreasonable. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *4 (S.D.N.Y. Apr. 27, 2015) (declining to approve FLSA "Agreement until the release is sufficiently narrowed to cover only released conduct that arises out of the identical factual predicate as the settled conduct." (cleaned up)); *Flood v. Carlson Rests. Inc.*, No. 14 CIV. 2740 AT GWG, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) ("[U]ntil the releases . . . are limited to claims relating to the existing suit, the Court will not approve the agreements."). Accordingly, and "[c]onsistent with the case authority in this area, '[t]he Court will not approve a release provision that extends beyond the claims at issue in this action.'" *Rivera v. SA Midtown LLC*, No. 16 Civ. 2097 (PAE), 2017 WL 1378264, at *1 (S.D.N.Y. Apr. 11, 2017) (quoting *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016)) (alteration in original). This deficiency is readily correctable. *See, e.g., Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (approving revised agreement after parties "narrowed the scope of the Agreement's release provision to limit the release of claims against defendants . . . to the claims asserted in this action").

## CONCLUSION

Accordingly, for the foregoing reasons, the Court declines to approve the Agreement at this time. The parties may proceed in one of two ways:

1. The parties may file a revised settlement agreement by April 20, 2022, that does not include a general release provision that extends beyond the claims at issue in this action.

Upon the filing of a revised agreement, the Court assess the fairness and reasonableness of the proposed settlement anew.

2. The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements would not require court approval. *See Cheeks*, 796 F.3d at 201 n.2 (leaving for another day the question of whether parties may settle such cases and dismiss without prejudice without approval of the district court or the Department of Labor).

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: April 6, 2022
New York, New York