UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDUARDO HERNANDEZ,

                            Plaintiff,

          -v-

UZZAL PIZZERIA, INC. *and*
MOHAMMED UZZAL,

                            Defendants.

21 Civ. 177 (PAE) (JLC)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

      On February 25, 2022, the parties submitted a proposed settlement agreement in this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. 44 Ex. A. Plaintiff also submitted supporting exhibits, Dkt. 44 Exs. B–C, and a letter in support, Dkt. 44. On March 23, 2022, correcting a filing error, the parties refiled the settlement agreement. Dkt. 45-1 ("Prior Agreement"). On April 6, 2022, the Court rejected the Prior Agreement for its overbroad general release clause and ordered the parties to file a revised proposed settlement agreement. Dkt. 46 ("Prior Order"). On April 29, 2022, the parties filed that revised agreement. Dkt. 47 Ex. A ("Revised Agreement"). For the reasons that follow, the Court now approves the Revised Agreement.

      Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than

judicially determined." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

The Court has carefully reviewed the Revised Agreement and supporting submissions. For the reasons set forth in the Prior Order, the Court finds that the Revised Agreement's allocation of attorneys' fees, its carve-out for truthful statements in its non-disparagement provision, and the absence of a confidentiality provision are each permissible. *See* Dkt. 46.

The Court further concludes that the revised general release clause, too, is permissible. In its Prior Order, the Court rejected the Prior Agreement because its release swept "way beyond the overdue and minimum wage claims that are at issue in this litigation." *Id.* at 3–4. The Revised Agreement limits the release clause to "any and all known and unknown claims arising under the [FLSA] or [NYLL] brought *in the instant action*." Revised Agreement ¶ 2 (emphasis added). It further excludes from the release any claims for unpaid commissions, unpaid bonuses, unpaid tips, unpaid fringe benefits, unpaid accrued deductions, and improper deductions. *Compare* Agreement ¶ 2 (release clause containing such claims) *with* Revised Agreement ¶ 2 (not containing such claims). This change adequately addresses the concern that the Court articulated as to the Prior Agreement.

In sum, upon careful review of the Agreement, the Court is satisfied that the Revised Agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House*.

## CONCLUSION

Accordingly, the Court approves the Revised Agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

2

						_____
						PAUL A. ENGELMAYER
						United States District Judge

Dated: May 4, 2022
       New York, New York